a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

MOHIT SHARMA,                                   CIVIL DOCKET NO. 1:20-CV-00923-P
Petitioner

VERSUS                                          JUDGE DRELL

WARDEN, *ET AL.*,                               MAGISTRATE JUDGE PEREZ-MONTES
Respondents

---

## MEMORANDUM ORDER

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 filed by *pro se* Petitioner Mohit Sharma ("Sharma") (A#21748720). Sharma is an immigration detainee in the custody of the Department of Homeland Security ("DHS") and U.S. Immigration and Customs Enforcement ("ICE"). He is being detained at the LaSalle Correctional Center in Olla, Louisiana. Sharma alleges that his continued detention pending removal is unconstitutional.

Because Sharma fails to indicate whether his removal is unlikely to occur in the reasonably foreseeable future, he must AMEND his Petition.

## I.    Background

Sharma is a native and citizen of India. ECF No. 1 at 7. Sharma seeks a release from custody because he has been in post-removal order detention for more than six months. ECF No. 1.

In addition to release from custody, Sharma also requested that the Court enjoin ICE from transferring him while the § 2241 Petition is pending. The

undersigned has recommended that the request for injunctive relief to prevent a transfer be denied.  ECF No. 3.

## II.    Instructions to Amend

Under *Zadvydas v. Davis*, 533 U.S. 678 (2001), it is presumptively constitutional for an immigration detainee to be detained six months past the 90-day removal period following a final order of removal.  *Id.*  After the expiration of the six-month period, a detainee may seek his release from custody by demonstrating a "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future."  *Agyei–Kodie v. Holder*, 418 F. App'x 317, 318 (5th Cir. 2011). Not every detainee in custody will be entitled to automatic release after the expiration of the six-month period under the scheme announced in *Zadvydas*.

In *Andrade v. Gonzales*, 459 F.3d 538 (5th Cir. 2006), the Fifth Circuit Court of Appeals reiterated that the Supreme Court's holding in *Zadvydas* creates no specific limits on detention.  In fact, a detainee may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.  *Id.* at 543 (citing *Zadvydas*, 533 U.S. at 701). The detainee bears the initial burden of proof to show that no such likelihood of removal exists.  *Id.*

Sharma alleges that he has been in ICE custody for over six months, but he does not allege that there is no significant likelihood of removal in the reasonably foreseeable future.  Therefore, Sharma must amend his Petition to state whether his

removal is unlikely to occur in the reasonably foreseeable future.  Sharma must also provide factual and evidentiary support for his claim.

Additionally, Sharma is instructed to provide the Court with a copy of the removal order and any subsequent custody reviews or decisions to continue detention that he has received.

IT IS ORDERED that Sharma amend his Petition (ECF No. 1) within thirty (30) days of the filing of this Order to provide the information outlined above.

Failure to comply with this Order may result in dismissal of this action under Rule 41(b) or 16(f) of the Federal Rules of Civil Procedure. Petitioner is further required to notify the Court of any change in his address under Rule 41.3 of the Local Rules for the Western District of Louisiana.

THUS DONE AND SIGNED in Alexandria, Louisiana, on this 12th day of August 2020.

JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE